163-07/DPM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
NYK STOLT SHIPHOLDING INC.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Lawrence Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NYK STOLT SHIPHOLDING INC.,              07 CIV. 2930 (MGC)

               Plaintiff,              **VERIFIED COMPLAINT**

-against-

SHENLONG MARITIME PTE. LTD.,

               Defendant.
------------------------------------------------------------------x

    Plaintiff NYK STOLT SHIPHOLDING INC. (hereinafter, "STOLT"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant SHENLONG MARITIME PTE. LTD. (hereinafter "SHENLONG"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for breaches of a maritime contract of charter party. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.*

2. At all times relevant hereto, STOLT was and still is a business entity duly organized and existing under the laws of a foreign country, with an office in care of Stolt-Nielsen Transportation Group Inc., located at 800 Connecticut Avenue, 4th Floor East, Norwalk, Connecticut, 06854.

3. At all times relevant hereto, SHENLONG was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at 5 Shenton Way #31-08/12 UIC Building, Singapore.

4. On or about March 11, 2003, SHENLONG, as owner, and STOLT, as charterer, entered into an amended SHELLTIME 3 charter party contract for the charter of the M/T PERLA.

5. During the period of the charter, one of the cargo tanks ruptured, causing loss and/or damage to STOLT's cargo.

6. Also during the period of the charter, a cargo of methanol became contaminated due to the failure by SHENLONG to fully and properly clean the cargo tank in which it was stowed.

7. The breach of the cargo tank and the failure to adequately clean a cargo tank are both breaches of SHENLONG's obligations under the charter and of its duty, as carrier, to properly care for and keep STOLT's cargo while on board SHENLONG's vessel.

8. As a result of the breaches by SHENLONG, STOLT incurred expenses and other damages, the merits of which will be detailed more specifically in the arbitration between the parties, including but not limited to surveyors' fees, additional port charges, legal expenses, additional bunkers (fuel and oil) expenses, etc.

9. STOLT, in an effort to secure part of its claim, has deducted certain amounts from the charter hire that would otherwise have been due to SHENLONG, did not pay freight for a voyage to New Plymouth, and retained a payment remitted by SHENLONG as a refund in March 2004.

10. In all, STOLT's total claim against SHENLONG is, as nearly as may presently be calculated, $308,989.76. Offsets against this amount, including the withheld hire, freight, and retained refund total approximately $157,462.34. In all, then, as nearly as may presently be calculated, a balance is due to STOLT for its damages, costs and expenses related to the failure to tank clean and tank rupture claims, of $151,572.42. Attached hereto as **Schedule 1** is a table setting forth the calculations described above.

11. Although duly demanded, SHENLONG has refused or otherwise failed to pay the amounts due for STOLT's damages.

12. The charter specifically provides for the resolution of all disputes by New York arbitration, applying the law "applicable to charter parties made in the City of New York." STOLT specifically reserves its right to arbitrate the merits of its dispute with SHENLONG pursuant to the terms of the charter.

13. STOLT will be entitled pursuant to the terms of the charter to seek recovery of all awarded attorneys' fees, arbitrators' fees and costs, which are made part of STOLT's principal claim. STOLT estimates, as nearly as can be presently calculated, that it will be awarded approximately $75,000 in such fees and costs in the arbitration.

14. Interest is typically awarded as part of the arbitral award and STOLT estimates interest in the amount of $44,718.26, calculated on the sum of $151,572.42 at the rate of 9%

per annum, the statutory interest rate in the State of New York, for three years, the estimated time it will take to obtain a final arbitration award.

15. In all, SHENLONG owes damages to STOLT in the amount of **$271,290.68**, including awardable costs, fees, and interest in the arbitration, no part of which has been paid by SHENLONG, though duly demanded. STOLT specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure STOLT.

16. After investigation, Defendant SHENLONG cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

**W H E R E F O R E**, Plaintiff STOLT prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant SHENLONG, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as

described herein, up to and including the amount of the claims of **$271,290.68** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to, from or for the benefit of the Defendant (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through or within the possession, custody or control of banking institutions and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
April 12, 2007

                          FREEHILL HOGAN & MAHAR, LLP
                          Attorneys for Plaintiff
                          NYK STOLT SHIPHOLDING INC.

By: _____
Don P. Murnane, Jr. (DM 3639)
Lawrence J. Kahn (LK 5215)
80 Pine Street
New York, NY 10005

## SCHEDULE 1

## M/T PERLA
## CLAIM STATEMENT OF NYK STOLT SHIPHOLDING INC.

**Contaminated Methanol due to Tank Cleaning Failure and Cargo Tank Rupture**

| | | Amount |
|---|---|---:|
| 1. | **Invoices:** | |
| | a. Surveyor | $ 2,555.07 |
| | b. Cancellation of trucks | 481.53 |
| | c. Agency fee for NPM loading | 1,563.50 |
| | d. Additional agency fee due to events | 1,254.80 |
| | e. Port charges Port Nelson | 3,509.89 |
| | f. Owners' port disbursements | 4,023.25 |
| 2. | **Legal Expenses** | 11,910.41 |
| 3. | **Bunkers on redelivery** (as of March 2, 2004) | 89,347.68 |
| 4. | **Consumed bunkers during offhire period:** | |
| | 17.93 MT IFO x $209.91/MT | 3,763.69 |
| | 15.21 MT MDO x $337.01/MT | 5,779.94 |
| 5. | **Refundable hire paid in advance** | 184,800.00 |
| | **CLAIM TOTAL** | **$308,989.76** |

LESS

6. **Hire due to Owners:**
   Hire due for period Feb. 20, 2004 – Mar. 2, 2004
      10.604 days @ $7,700/day                       $ 81,650.80
   Less offhire for period Feb. 23, 2004-Mar. 1, 2004
      7.76042 days @ $7,700/day         $ 59,755.23

   Balance of Hire Due:                                             $21,895.57

7. **Freight for voyage to New Plymouth**            21,728.74

8. **Payment remitted by Owners as refund in March 2004**     113,838.03

**TOTAL OFFSETS**                                            **$157,462.34**

**TOTAL SUM CHARTERERS' PRINCIPAL CLAIM:**      $151,572.42
**TOTAL ESTIMATED INTEREST AND FEES:**           $119,718.26
**TOTAL SUM SOUGHT TO BE ATTACHED:**            **$271,290.68**

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York )

Don P. Murnane, Jr., being duly sworn, deposes and says:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign corporation, none of whose officers are presently within the State of New York.

_____
Don P. Murnane, Jr.

Sworn to before me this
12th day of April, 2007

_____
NOTARY PUBLIC

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

NYDOCS1/280824.1                                6